# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **DENISHA LIPSCOMB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:06-00307 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Plaintiff's Motion to Amend and the United States' Motion to Dismiss. By Standing Order filed on April 27, 2006, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. No. 3.) Having considered the documents of record and the applicable law, the undersigned recommends that the District Court **DENY** Plaintiff's Motion to Amend (Doc. No. 7) and **GRANT** the United States' Motion to Dismiss (Doc. No. 10).

## FACTUAL AND PROCEDURAL BACKGROUND

On April 27, 2006, Plaintiff, acting *pro se* and presently in confinement at FPC Alderson, Alderson, West Virginia, filed her Complaint against the Federal Bureau of Prisons, FPC Alderson Medical Department, Dr. Rehberg, and Greenbrier Hospital a/k/a Greenbrier Valley Medical Center. (Doc. No. 1.) Plaintiff complains that she was rendered improper medical treatment for back pain. Plaintiff specifically claims that as a result the improper medical care, she continues to suffer from back pain, scarring from surgery, and has been "left with problems after the surgery that [she] did not have prior to [surgery]." (Id. at 5.)

On May 9, 2006, Plaintiff filed a motion seeking to amend her Complaint to name Warden D. Hickey, Associate Warden D. Saffold, Health Services Administrator Allen Blankenship, and Dr. Rehberg as Defendants. (Doc. No. 5.) Plaintiff did not set forth any allegations against the proposed Defendants.

By Order filed on November 17, 2006, the Court construed Plaintiff's Complaint as being filed pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.* (Doc. No. 6.) Accordingly, the Court directed that the Clerk substitute the United States of America for the individual named Defendants named by Plaintiff given that the United States is the only proper party in a suit under the FTCA. Plaintiff was also directed to notify the Court in writing if her intent was to file an action against individuals pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971), for alleged violations of her constitutional rights. In response to the Court's Order, on December 7, 2006, Plaintiff filed a Motion to Amend seeking to name Warden Deborah Hickey, Associate Warden Donna Saffold, Mr. Adams, RN Blankenship, as well as other unnamed individuals of FPC Alderson's medical staff as Defendants. (Doc. No. 7.) Plaintiff did not set forth any allegations against the proposed Defendants.

On February 6, 2007, the United States' filed its Motion to Dismiss and Memorandum in Support contending that Plaintiff's Complaint should be dismissed for failing to comply with the prefiling requirements of the West Virginia Medical Professional Liability Act. (Doc. Nos. 10-11.) The United States specifically contends that Plaintiff failed to provide the health care provider with a Notice of Claim and Screening Certificate of Merit pursuant to W. Va. Code § 55-7B-6 (2003). By Order filed on March 14, 2007, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising her of her right to file a response to the United States' Motion

to Dismiss. (Doc. No. 15.)

On March 19, 2007, Plaintiff filed a letter form motion requesting an extension of time to respond to the United States' Motion to Dismiss. (Doc. No. 16.) By Order entered on March 20, 2007, the Court granted Plaintiff's motion and directed that Plaintiff file her response to the United States' Motion to Dismiss by April 19, 2007. (Doc. No. 17.)

By Order entered on March 22, 2007, the Court addressed Plaintiff's Motion to Amend and advised that it was unable to determine whether the proposed Defendants are proper to this civil action because Plaintiff failed to set forth any allegations against the individuals she seeks to name as additional Defendants. The Court, therefore, directed Plaintiff to file a statement of her proposed claims against the proposed Defendants by April 13, 2007.

On April 11, 2007, Plaintiff filed her response to the United States' Motion to Dismiss. (Doc. No. 23.) Plaintiff asserts that she does not have access to West Virginia statutes and case law cited by the United States in its Motion to Dismiss. Plaintiff requests that the Court not dismiss her claim due to her lack of legal expertise and requests that the Court reconsider its decision not to appoint her counsel. Petitioner further requests that the Court furnish her with copies of all relevant statutes and case law. (Doc. No. 23). On this same date, Plaintiff also filed a Motion to Compel Production of Documents again requesting that she be provided copies of relevant statutes and case law and that she be given a reasonable amount of time to respond to the United States' Motion to Dismiss. (Doc. No. 24.) On April 12, 2007, the United States filed its reply to Plaintiff's response by providing the plaintiff with W. Va. Code § 55-7B-6 (2006 Supp.), which sets forth the pre-filing requirements for filing a medical malpractice claim in West Virginia, and the cases cited in its memorandum of law. (Doc. No. 25.) Plaintiff has not filed a further response to the United States' Motion to Dismiss.

**ANALYSIS**

**Plaintiff's Motion to Amend**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff has the right once to amend her Complaint, without leave of the court, prior to the filing of a responsive pleading by the Defendants. FED. R. CIV. P. 15(a). Rule 15(a) states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The Supreme Court articulated the standard to be applied in determining whether to allow an amendment under Rule 15(a), in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason - such an undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given."

The decision to grant a Motion to Amend remains within the sound discretion of the District Court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). As indicated above, the Court was unable to determine whether the proposed Defendants are proper parties to this civil action and therefore, directed Plaintiff to file a statement of her proposed claims against the proposed individual Defendants by April 13, 2007. Plaintiff has failed to file such a statement. Accordingly, the undersigned recommends that the District Court **DENY** Plaintiff's Motion to Amend.

**United States' Motion for Summary Judgment**

The United States contends that Plaintiff cannot maintain a negligence action for medical

4

malpractice pursuant to the FTCA because Plaintiff failed to comply with the pre-filing requirements of the West Virginia Medical Professional Liability Act [MPLA]. The MPLA, W. Va. Code § 55–7B-6 (2003), provides in pertinent part:

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.
>
> (c) Notwithstanding any provision of this code, if a claimant or his or her counsel, believes that no screening certificate of merit is necessary because the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care, the claimant or his or her counsel, shall file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit.
> (d) If a claimant or his or her counsel has insufficient time to obtain a screening certificate of merit prior to the expiration of the applicable statute of limitations, the claimant shall comply with the provisions of subsection (b) of this section except that the claimant or his or her counsel shall furnish the health care provider with a statement of intent to provide a screening certificate of merit within sixty days of the date the health care provider receives the notice of the claim.

The notice and prescreening requirements of the MPLA are substantive and operate in addition to those contained in the FTCA. Stanley v. United States, 321 F. Supp.2d 805 (N.D.W.Va. 2004); See

also Muhammad v. United States, Civil Action No. 1:04-252, 2006 WL 2473424 (N.D.W.Va. Aug. 25, 2006), Morell v. United States, Civil Action No. 5:05-171, 2007 WL 1097871(N.D.W.Va. Apr. 12, 2007)(*pro se* prisoners' FTCA claims dismissed for failure to comply with MPLA).

In the instant matter, Plaintiff has failed to provide any evidence to refute the United States' claim that she did not comply with the notice and screening certificate of merit requirements of the MPLA. However, this District Court in Johnson v. United States, 394 F.Supp.2d 854 (S.D.W.Va. 2005), has held that there are certain circumstances where the filing of an administrative claim may satisfy the requirements of the MPLA. The facts of the Johnson case involved allegations that a surgeon at the Huntington Veterans Administration Center failed to properly perform an operation involving the implantation of a penile prosthesis. The plaintiffs specifically alleged that the penile prosthesis was too large and was inserted backwards, causing plaintiff Thomas Johnson to suffer diminished bloodflow and an infection. The United States moved to dismiss the case on the ground that the plaintiff failed to provide the defendant with a screening certificate of merit. The Court held that the administrative claims which the plaintiffs had filed were sufficient to satisfy West Virginia Code § 55-7B-6(c), which carves out an exception to the requirement of providing a screening certificate of merit when the cause of action is based upon a well-established theory of liability that does not require expert testimony and where the claimant files a statement setting forth the basis of the alleged liability. The Court concluded that plaintiffs' administrative claim form which plaintiffs had previously filed provided sufficient notice to the defendant for purposes of satisfying West Virginia Code § 55-7B-6(c). The Court further found that when considering the case in light most favorable to the plaintiffs, the plaintiffs' claim was such that the facts of the case may not require expert testimony in order to establish liability.

The instant action involves the surgical treatment of a spinal abscess. The United States

contends that Plaintiff's allegations require expert testimony to determine the appropriate standard of care. Generally, "negligence or want of professional skill can be proved only by expert witnesses." Banfi v. American Hosp. for Rehabilitation, 207 W. Va. 135, 140, 529 S.Ed.2d 600, 605 (2000)(*citing* Syl. pt. 2, Roberts v. Gale, 149 W. Va. 166, 139 S.Ed.2d 272 (1965)). However, expert testimony is not required "in cases involving negligence claims that are within the jury's common knowledge as nonmedical laypersons." Id. More specifically, the West Virginia Supreme Court of Appeals has held that:

> In medical malpractice cases where lack of care or want of skill is so gross, so as to be apparent, or the alleged breach relates to noncomplex matters of diagnosis and treatment within the understanding of lay jurors by resort to common knowledge and experience, failure to present expert testimony on the accepted standard of care and degree of skill under such circumstances is not fatal to a plaintiff's *prima facie* showing of negligence.

Syl. Pt. 4, Totten v. Adongay, 175 W. Va. 634, 337 S.E.2d 2 (1985). The undersigned agrees with the United States and finds that Plaintiff's allegations require expert testimony to establish whether FPC medical staff breached the standard of care in rendering her medical treatment. The MPLA required her to submit a screening certificate of merit, and it is not evident that she did so. Accordingly, in view of the facts and circumstances of the case, Plaintiff's FTCA claim for negligent medical care must be dismissed for failure to comply with the MPLA.

## **PROPOSAL AND RECOMMENDATION**

The undersigned respectfully proposes that the District Court confirm and accept the foregoing findings of fact and **RECOMMENDS** that the Court **DENY** Plaintiff's Motion to Amend (Doc. No. 7) **GRANT** the United States' Motion to Dismiss (Doc. No. 10), **DISMISS** this matter and remove it from the Court's docket. The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United

States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff who is acting *pro se*.

FILED: July 24, 2007.

R. Clarke VanDervort
United States Magistrate Judge