IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**DENISHA LIPSCOMB,**

       **Plaintiff,**

**v.**                                     **CIVIL ACTION NO. 1:06-00307**

**FEDERAL BUREAU OF PRISONS,**

       **Defendant.**

## MEMORANDUM OF OPINION AND ORDER

Pending before the court are Magistrate Judge R. Clarke VanDervort's Proposed Findings and Recommendation ("PF&R") (Doc. No. 32) and plaintiff's objections to them (Doc. No. 33). For the reasons discussed below, this court **ACCEPTS IN PART** and **REJECTS IN PART** the magistrate judge's PF&R. Accordingly, the court **REMANDS** this case for further proceedings consistent with this Memorandum Opinion and Order.

### I.  Factual and Procedural Background

On February 10, 2005, plaintiff underwent surgery to remove two bilateral paraspinal abscesses. (Doc. No. 1-4 at 4.) Approximately three months later, the United States Department of Justice received from plaintiff a "Claim of Damage, Injury or Death Form" (commonly referred to as a "Standard 95 Form[1]") alleging that

---

[1] The "Standard 95 Form" is an administrative form used to present a tort claim to the federal agency whose actions are alleged to have given rise to the claim.  See 28 C.F.R. § 14.2(a).

she received negligent medical care from the Federal Bureau of Prisons (hereinafter "FBOP"), FPC Alderson Medical Department, Dr. Rehberg, and Greenbrier Hospital, and that said negligent medical treatment resulted in unnecessary pain and suffering, permanent back scarring, and other unidentified problems not in existence prior to surgery. (Doc. No. 1-4 at 1.) Plaintiff sought a total of $10,000,000.00 in damages. (Id.)

In accordance with 28 C.F.R. § 14.2(b)(1), the United States Department of Justice forwarded plaintiff's administrative claim to the FBOP. (Id.) The FBOP denied plaintiff's claim on November 8, 2005, finding that "there is no evidence that an act or omission of a government employee is a factor in your loss." (Doc. No. 1-4 at 3-5.)

On April 27, 2006, plaintiff, acting *pro se*, appealed the FBOP's decision to deny her claim to this district court.[2] (Doc. 1-3 at 1-7.) The appeal was referred to Magistrate Judge R. Clark VanDervort. (Doc. No. 4.) The FBOP, FPC Alderson Medical Department, Dr. Rehberg, and Greenbrier Hospital, were named as defendants. (Id. at 1.) Shortly thereafter, on May 9, 2006,

---

[2] This court has federal question jurisdiction, 28 U.S.C. § 1331, to preside over plaintiff's appeal pursuant to the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 1346(b)(1), as this is a personal injury claim for money damages against the United States. Furthermore, plaintiff has standing to bring this appeal pursuant to 28 U.S.C. § 2675, which requires final disposition by the appropriate federal agency as a prerequisite to appeal.

plaintiff amended her original Complaint to add the following persons as defendants: Warden D. Hickey, Associate Warden D. Saffold, Health Services Administrator Allen Blankenship, and Dr. Rehberg.  (Doc. No. 5.)

By Order dated November 17, 2006, the magistrate judge construed plaintiff's Complaint as having been filed pursuant to the FTCA.[3]  (Doc. No. 6.)  Consequently, the magistrate judge directed the Clerk's Office to substitute the United States for all individually named defendants as the United States is the only proper defendant in a claim brought under the FTCA.  Iodice v. United States, 289 F.3d 270, 273 n.1 (4th Cir. 2002) (discussing 28 U.S.C. § 2679(a)).  The November 17, 2006, Order also directed plaintiff to advise the court in writing if her intent was to file an action against the individually named defendants pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), for alleged violations of her constitutional rights.  (Doc. No. 6.)

In response plaintiff moved to amend her Complaint, requesting that the court add the following individuals as defendants: Warden

---

[3] The FTCA operates as a limited waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act of a government employee acting within the scope of his or her employment. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).  It does not create new causes of action, but merely allows the United States to be sued and held liable in tort "in the same respect as a private person under the law of the place where the act occurred."  Id.

3

D. Hickey, Associate Warden D. Saffold, Health Services Administrator Allen Blankenship, Dr. Rehberg, and other unnamed individuals of FPC Alderson's medical staff.  (Doc. No. 7.)  The Motion to Amend, however, did not set forth any allegations, constitutional, statutory, or otherwise, against the proposed defendants, nor did it state whether it was plaintiff's intention for the Complaint to be interpreted as a Bivens claim.  (Id.)

On February 6, 2007, the United States filed its Motion to Dismiss or for Summary Judgment and Memorandum in Support contending that plaintiff's Complaint should be dismissed for failure to comply with the prefiling requirements of the West Virginia Medical Professional Liability Act.  (Doc. Nos. 10-11.)  Specifically, the United States pointed out plaintiff's failure to provide the health care provider with a "Notice of Claim and Screening Certificate of Merit" pursuant to West Virginia Code § 55-7B-6 (2003).  (Doc. No. 11.)  The magistrate judge, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), then issued plaintiff notice advising her of her right to file a response to the United States' Motion to Dismiss.  (Doc. No. 15.)

On March 19, 2007, plaintiff filed a letter-form motion requesting an extension of time to respond to the United States' Motion to Dismiss. (Doc. No. 16.)  Plaintiff's motion was granted the next day, and she was directed to file her response to the United States' Motion to Dismiss by April 19, 2007.  (Doc. No. 17.)

4

Addressing plaintiff's Motion to Amend by Order entered on March 22, 2007, the magistrate judge advised that he was unable to determine whether the proposed defendants were proper to the civil action because plaintiff failed to set forth any allegations against those individuals.  (Doc. No. 19.)  As a result, the magistrate judge directed plaintiff to file a statement of her claims against the proposed defendants by April 13, 2007.  (Id.)

On April 11, 2007, plaintiff filed, a document titled "Plaintiff's Response to the Government's Proposed Order to Dismiss."  (Doc. No. 23.)  In that document plaintiff gave notice to the court that she did not have access to the West Virginia law cited by the United States in its Motion to Dismiss, requested the court to reconsider its decision not to appoint her counsel, and urged the court not to dismiss her claim by default.  (Id.)  Plaintiff also filed a Motion to Compel Production of Documents requesting that she be provided copies of the relevant statutes and case law and that she be given a reasonable amount of time to respond to the United States' Motion to Dismiss.  (Doc. No. 24.)  Shortly thereafter, the United States replied to plaintiff's response by providing plaintiff with copies of the statutory and case law cited by the United States in its Motion to Dismiss.  (Doc. No. 25.)

On July 24, 2007, the magistrate judge filed both a PF&R and an Order denying as moot plaintiff's Motion to Compel Medical

5

Records (Doc. No. 20) and Motion to Compel Production of Documents (Doc. No. 24).  (Doc. Nos. 31-32.)  In the PF&R the magistrate judge recommended that this court deny plaintiff's Motion to Amend (Doc. No. 7), grant the United States' Motion to Dismiss or for Summary Judgment (Doc. Nos. 10-11), and order the matter dismissed. (Doc. No. 32 at 7.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to the magistrate judge's PF&R.  (Doc. No. 32.)  Plaintiff filed her objections on July 31, 2007.  (Doc. No. 33.)  There, plaintiff objected to the magistrate judge's recommendation that this court grant the United States' Motion to Dismiss or for Summary Judgment (Doc. Nos. 10-11).  (Doc. No. 33 at 1).  Although plaintiff did not put forth a substantive argument supporting this objection, she did reiterate that she is a *pro se* litigant, and is therefore subject to less stringent pleading standards.

The court has conducted a *de novo* review of plaintiff's Complaint and her objections to the magistrate judge's PF&R.

## II.  **Analysis**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed upon proper motion if it fails to state a claim upon which relief can be granted.  Nevertheless,

> [A] motion to dismiss made under Rule 12(b)(6) should not be granted unless it appears certain that the plaintiff

>  can prove no set of facts which would support its claim and would entitle it to relief. In considering such a motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.

Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002).

### A. United States Motion to Dismiss or for Summary Judgment

This court accepts the magistrate judge's finding that plaintiff did not comply with the West Virginia Medical Professional Liability Act (hereinafter "MPLA"), W.Va. Code § 55-7B-6, and that, as a result, plaintiff's medical negligence claim against the United States should be dismissed.

To establish a medical negligence claim in West Virginia, the plaintiff must prove that:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3. When a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated, or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required. Banfi v. American Hospital for Rehabilitation, 539 S.E.2d 600, 605-06 (W.Va. 2000).

Additionally, under West Virginia Code § 55-7B-6, certain requirements must be met before a person may even file an action

against a health care provider. This section provides in pertinent part:

> (a) Notwithstanding any other provisions of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) the expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

W. Va. Code § 55-7B-6. Several courts have previously held that a plaintiff's failure to adhere to the pre-filing requirements of the MPLA warrants dismissal. See, e.g., Stanley v. United States, 321 F.Supp. 2d 805, 809 (N.D. W.Va. 2004); Muhammad v. United States, No. 1:04cv252, 2007 WL 20005559, at *3 (N.D. W.Va. July 9, 2007);

Morrell v. United States, No. 5:05cv171, 2007 WL 1097871, at *7 (N.D. W.Va. Apr. 30, 2007).

Here, plaintiff has failed to sustain her burden of proof. Plaintiff does not assert, much less establish, the standard of care for the diagnosis or treatment of a paraspinal abscess. The plaintiff does not offer any pleadings, affidavits, or declarations from any medical professional that establish the applicable community standards for the diagnosis or treatment of a paraspinal abscess.

Based upon the circumstances of this case, the plaintiff would be required to produce the expert medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the defendant's breach of the duty of care. Therefore, because this court finds that plaintiff's pleadings do not contain allegations or assertions that meet the requirements of West Virginia Code § 55-7B-6, dismissal of plaintiff's medical negligence claim is appropriate.

### B. Plaintiff's Motion to Amend

On December 7, 2006, plaintiff filed a Motion to Amend requesting that the court add the following individuals as defendants: Warden D. Hickey, Associate Warden D. Saffold, Health Services Administrator Allen Blankenship, Dr. Rehberg, and other unnamed individuals of FPC Alderson's medical staff. (Doc. No. 7.) The Motion to Amend did not set forth any allegations,

constitutional, statutory, or otherwise, against the proposed defendants, nor did it state whether it was plaintiff's intention for the Complaint to be interpreted as a <u>Bivens</u> claim.  (<u>Id.</u>)

On March 22, 2007, the magistrate judge directed plaintiff to file a statement of her claims against the proposed defendants by April 13, 2007, so that he could rule on her Motion to Amend. (Doc. No. 19.)  Plaintiff did not comply.  Consequently, the magistrate judge recommends that this court, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, deny plaintiff's Motion to Amend.  (Doc. No. 32 at 4.)  The magistrate judge did not, however, determine whether plaintiff's previously filed pleadings sufficiently alleged a <u>Bivens</u> claim.

As pointed out in plaintiff's objection to the PF&R, *pro se* pleadings must be held to a less stringent standard than formal pleadings drafted by lawyers and should be construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978).  When a *pro se* litigant "has alleged a cause of action which may be meritorious against a person or persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court."  <u>Gordon</u>, 574 F.2d at 1152-53.  However, if a complaint "present[s] obscure or extravagant claims defying

the most concerted efforts to unravel them," a court is not required to be a "mind reader" and "conjure up questions never squarely presented to" it.  Beaudett v. Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Although the magistrate judge here gave plaintiff several opportunities to state whether or not she intended to bring a Bivens claim, this court finds that plaintiff's claim was not construed liberally enough.  In her Complaint plaintiff states, "[n]o one contacted the medical doctor at any time when I said that I needed to go the hospital."  (Doc. No. 1-3 at 5.)  This allegation and others, found within plaintiff's Complaint, resemble "deliberate indifference" claims often brought by inmates alleging violations of their right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

Accordingly, the court rejects the recommendation of the magistrate judge as to this issue and remands the pending Motion to Amend (Doc. No. 7) to the magistrate judge so that he may determine whether this action should be construed as a Bivens claim.  If the magistrate judge finds that this action should be construed as a Bivens claim, plaintiff's Motion to Amend should be granted.[4]

---

[4] In a Bivens case, the plaintiff must specify the acts taken by each defendant that violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).  The plaintiff must show some sort of personal involvement on the part

11

**III. Conclusion**

For the reasons discussed above, Magistrate Judge VanDervort's PF&R (Doc. No. 32) is **ACCEPTED IN PART** and **REJECTED IN PART**, and plaintiff's objections to the PF&R (Doc. No. 33) are **OVERRULED IN PART** and **SUSTAINED IN PART**.  Accordingly, plaintiff's medical negligence claim is **DISMISSED WITHOUT PREJUDICE** and the remainder of the case is **REMANDED** to Magistrate Judge VanDervort for further proceedings consistent with this Memorandum Opinion and Order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Magistrate Judge R. Clarke VanDervort, all counsel of record, and the plaintiff, *pro se*.

IT IS SO ORDERED this 20th day of September, 2007.

>                        ENTER:
>
>                        David A. Faber
>                        United States District Judge

---

of the defendants and a casual connection to the harm alleged. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). This is particularly true in a Bivens action where "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).