```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    BLUEFIELD DIVISION
```

**DENISHA LIPSCOMB,**

    **Plaintiff,**

**v.**                                                  **Civil Action No. 1:06-0307**

**DEBORAH HICKEY, et al.,**

    **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

    By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendation (PF&R) on February 18, 2009, in which he recommended that the District Court grant the defendants' motion to dismiss, dismiss the case, and remove this matter from the court's active docket.

    In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989). On March 4, 2009, plaintiff submitted a document entitled "Motion to Correct Defendant and Request Extention [sic] and Appointment for Lawyer." In that document,

Lipscomb requested "appointment of attorney, by the court, all medical records from Greenbrier Hospital be release [sic] to the appointed attorney and a date for trial be set." Motion to Correct at 2.

## I.  Background

On April 27, 2006, while incarcerated at FPC Alderson, plaintiff filed a pro se complaint against FPC Alderson, the Bureau of Prisons (BOP), and others alleging that she received improper medical treatment for back pain.  According to plaintiff, she began experiencing serious back pain on January 18, 2005.  She sought medical care for this condition several times.  On January 24, 2005, Lipscomb sought medical treatment and was offered Tylenol for her pain.  On January 27, 2005, an x-ray of her back was taken and plaintiff was provided with a walker and assigned inmate companions to assist her.  On February 6, 2005, plaintiff was taken to the emergency room of Greenbrier Hospital and, soon thereafter, she underwent surgery to alleviate the source of her back pain.  Plaintiff asserts that defendants were deliberately indifferent to her serious medical needs by failing to treat her back problem sooner and that she continues to suffer from back pain, scarring from surgery, and has been left with problems that she did not have prior to the surgery.

On March 3, 2008, defendants filed a motion to dismiss and/or for summary judgment.  Defendants argued that plaintiff's

case should be dismissed because she failed to exhaust her administrative remedies.[1]  Magistrate Judge VanDervort agreed and recommended dismissal of plaintiff's complaint.

## II. Analysis

This court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  In the instant case, plaintiff's objections focused on the fact that she is a pro se plaintiff with no legal education or money to hire a lawyer and she asks the court to appoint legal counsel to represent her.  The plaintiff does not state why she thinks the PF&R was incorrect or why her complaint should not be dismissed for failure to exhaust administrative remedies.  The court must therefore overrule the plaintiff's objections pursuant to Orpiano, 687 F.2d at 47, as they are wholly unresponsive to the PF&R.

The court will, however, address plaintiff's assertion in responding to the motion to dismiss that she was unable to exhaust administrative remedies because of her medical condition.

---

[1] Defendants also sought dismissal and/or summary judgment for various other reasons which were not discussed in Magistrate Judge VanDervort's PF&R given his finding on the exhaustion argument.

The Prison Litigation Reform Act (the "PLRA") states that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); see also Anderson v. XYZ Corr. Health Serv., Inc., 407 F.3d 674, 675 (4th Cir. 2005).  The Supreme Court has stated that the PLRA's exhaustion requirement requires proper exhaustion - - using all the steps the agency holds out and doing so properly.  Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

In the few cases where injury or illness was deemed a defense to nonexhaustion, the plaintiff attempted to use the grievance system but the grievances was rejected as untimely. See, e.g., Days v. Johnson, 322 F.3d 864, 867-68 (5th Cir. 2003).[2]  In this case, plaintiff never filed an administrative remedy concerning the medical care and events which are the subject of her complaint.  See Baker v. Schirro, 2008 WL 622020, *5 (D. Ariz. 2008) ("Nonetheless, in failing to attempt exhaustion, Plaintiff did not provide an opportunity for prison officials to

---

[2] The court does not opine on whether the aforementioned holding in Days survives the Supreme Court's decision in Woodford.  At least one court has stated that it does not read Woodford as overruling Days.  Macahilas v. Taylor, 2008 WL 220364, *3 (E.D. Cal. 2008); see also Green v. McBride, 2007 WL 2815444 (S.D.W. Va. 2007) (Johnston, J.) (discussing continuing applicability of equitable exceptions to exhaustion requirement post-Woodford).

4

address his complaints or to excuse the timeliness requirement in light of Plaintiff's health conditions.").

It is clear that Lipscomb was aware of the administrative remedy process as she had filed approximately 149 administrative remedy requests during her term of incarceration.  Furthermore, she was physically able to file administrative remedies following her surgery as she did so for various other reasons on June 13, 2005, July 5, 2005, August 24, 2005, September 13, 2005, etc. None of these filings mentioned the conditions of which plaintiff complains herein.  Accordingly, the court agrees that plaintiff has failed to exhaust her administrative remedies.   As a final matter, the court agrees with Magistrate Judge VanDervort's finding that from the record it does not appear that defendants were deliberately indifferent to plaintiff's medical needs in violation of her Eighth Amendment rights.[3]

### III.  Conclusion

Having reviewed the Findings and Recommendation filed by Magistrate Judge VanDervort, the court adopts his findings and

---

[3] Magistrate Judge VanDervort stated: "The undersigned further finds from the record as it currently exists that the circumstances underlying Plaintiff's claims in this matter do indicate deliberate indifference to Plaintiff's serious medical needs in violation of her rights under the Eighth Amendment of the United States Constitution."  PF&R at 17 (emphasis added). It is clear from the context of the entire passage, that this was a typographical error and that Magistrate Judge VanDervort intended to say that they do not indicate deliberate indifference.

5

recommendations except as modified herein.  Accordingly, the court hereby **GRANTS** the motion to dismiss, **DISMISSES** the case, and **DIRECTS** the Clerk to remove this matter from the court's active docket.

    The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, all unrepresented parties, and to the plaintiff, pro se.

    IT IS SO ORDERED this 10th day of March, 2009.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge